## HYDRO–AIR CLEANING SYSTEMS, Inc.
### v. GLENN et al.
### Civ. A. No. 25909.

United States District Court
N. D. Ohio, Eastern Division.

Jan. 25, 1949.

K. J. Ertle, Cleveland, Ohio, for plaintiff.

Bruce B. Krost, Woodling & Krost, Cleveland, Ohio, for defendants.

WILKIN, District Judge.

This case was heard on the motion of the plaintiff for preliminary injunction and the motion of the defendants for an order of dismissal for want of jurisdiction and was submitted on the evidence, affidavits, and briefs.

At a pre-trial conference in chambers on October 29, 1948 counsel for plaintiff requested an order to show cause why a preliminary injunction should not be issued, and counsel for defendants insisted that the motion to dismiss the Complaint should first be considered. The plaintiff's contention was that the same facts would show both patent infringement and unfair competition and would support its motion for injunction. The defendants' contention was that the Complaint did not properly charge patent infringement and, even if it did, the facts would not support such a charge because there was no infringement in fact. It was conceded that the court's jurisdiction depended upon the issue of patent infringement because there was no diversity of citizenship among the parties. The court therefore stated that the matter would be set for hearing on the sole question of whether there was patent infringement, and on that date a stipulation by counsel was signed and filed, which provided that the hearing would be directed to the question of patent infringement.

Plaintiff's brief affirms that the patent is presumed to be valid and that the evidence was sufficient to show infringement by the defendants. The burden of the plaintiff's argument was that the court had jurisdiction because of patent infringement and that therefore it also could take jurisdiction of the question of unfair competition because both the charge of infringement and the charge of unfair competition were supported by the same evidence. The authorities cited by the plaintiff support that contention.

The burden of the defendants' argument was that the evidence failed completely to show infringement, but, on the contrary, revealed that there was no infringement and that therefore the pivotal point upon which this court's jurisdiction depended was shown not to exist.

■ The evidence failed to sustain the contention of the plaintiff as to patent infringement. The testimony of the witnesses for the plaintiff and the defendants revealed that the patent covered a method of using compressed air to create a vacuum for cleaning purposes. The patent applied to a field that had been highly developed. The prior art required specific and severe limitations in the plaintiff's (Jeffery) claim in order to obtain Letters Patent. Numerous claims of the inventor were cancelled because of prior inventions. It is neces-

116

sary, therefore, even after the validity of the patent is presumed, to confine its scope to the exact structure and arrangement disclosed in the one claim of the Jeffery patent. The testimony, and particularly the exhibits, (Defendants' Exhibits A, D, and C—Rec. 131) show that the defendants' device differed from the plaintiff's patent claim in the following particulars:

The intake for dirt-laden air is forward of the nozzle and enters the casing at right angle to the nozzle. The dirt from the dirt-laden air is trapped in the bottom of the casing. The dirt is not expelled through the outlet pipe by compressed air. The outlet pipe expels clean air. The expelling of the dirt through the outlet pipe is avoided by means of a hood over the nozzle and a trap to catch the dirt. The vacuum generator hangs downward from the cover into the secondary container or large can and is suspended by a threaded collar on the intake connection. There is no means on the lower end of the vacuum generator for supporting the generator in an upright manner. Defendants' Exhibit B revealed the features called for by the patent claim which were shown to be missing in the defendants' device.

■ There was practically no contradictory testimony. The evidence demonstrated clearly that the Jeffery patent claim does not read on or cannot be interpreted to include the accused device. As was said by the court in Directoplate Corp. v. Donaldson Lithographing Co., 6 Cir., 51 F.2d 199, we are dealing with a combination, the elements of which were old, precisely limited to avoid prior art. Because the defendants in this case do not have the same combination, they do not infringe. And as was said by this court in Palmer v. Sun Oil Co., D.C., 78 F.Supp. 38, 44: "It seems to be the law that a patent for a combination of several known elements is not infringed by a device which omits one of the essential elements of the combination."

■ Applying the established law to the established facts, the court is constrained to find that there is no infringement in this case. There being no diversity of citizenship, the court has no jurisdiction of the issue as to unfair competition. The motion for preliminary injunction is therefore denied and the motion to dismiss is sustained.